**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 11-31115 MER |
| THOMAS GERARD MARTINO ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ) | |
| THOMAS GERARD MARTINO ) | Adversary No. 11-1951 MER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SIMON RODRIGUEZ, ) | |
| CHAPTER 7 TRUSTEE ) | |
| ) | Signed/Docketed |
| Defendant. ) | April 26, 2012 |

## ORDER

This matter came on for argument on the *Trustee's Motion to Dismiss Complaint and Request for Sanctions*[1] (the "Motion to Dismiss"), the *Trustee's Motion for Sanctions Pursuant to Fed. R. Bankr. P. 9011*[2] (the "Motion for Sanctions"), and the Plaintiff's Responses.[3] The question before the Court is whether the relief sought in the Complaint may be considered by the Court, as urged by the Debtor, as a way of expediting his case and providing him his "fresh start," or whether, as argued by the Trustee, it represents a frivolous and improper attempt to wrest control of the case from the Trustee.

## JURISDICTION

The Court has jurisdiction over the Motion to Dismiss under 28 U.S.C. §§ 1334(a) and (b) and 28 U.S.C. §§ 157(a) and (b). Determination of the Motion to Dismiss and the requests under Fed. R. Bankr. P. 9011 are core proceedings under 28 U.S.C. § 157(b)(2)(A) because they concern the administration of the estate.

---

[1] Docket No. 4.

[2] Docket No. 14.

[3] Docket Nos. 9 and 15.

## BACKGROUND FACTS

The Debtor, Thomas Martino ("Martino"), filed his voluntary Chapter 7 petition on September 2, 2011. Simon Rodriguez ("Rodriguez") was appointed Chapter 7 Trustee. On December 6, 2011, Martino filed his Complaint in the above-captioned adversary proceeding against Rodriguez. The Complaint notes the original date for objecting to discharge and dischargeability was December 6, 2011. However, on November 23, 2011, Rodriguez and Martino filed a Stipulated Motion to Extend Time for Chapter 7 Trustee and United States Trustee to Object to Debtor's Discharge and Claims of Exemption.[4]

According to the Complaint, Rodriguez, in the Stipulated Motion, did not allege specific facts to support the idea Martino was not entitled to a discharge or to his claimed exemptions. However, the Complaint states Rodriguez has averred Martino may be claiming exemptions wrongfully or excessively and may not be entitled to a discharge.

Martino alleges he has committed no wrongdoing, and has produced over 50,000 pages of documents to Rodriguez. Further, Martino states he has been subjected to twelve hours of examination by Rodriguez at continued Section 341 meetings of creditors. Martino contends Rodriguez does not need the additional time he has requested to investigate the case, and asserts Rodriguez is expending the estate's funds on such investigation, resulting in diminished returns for the creditors. Further, the Complaint states Martino has already paid over $500,000 to the bankruptcy estate, and has agreed to turn over the anticipated $300,000 pro rata share of his tax refund in April, 2012.

The Complaint contains the following claims for relief: 1) for a declaratory judgment that Martino has not violated 11 U.S.C. §§ 727(a)(2), (3), (4), (5), or (6);[5] 2) for a declaratory judgment that 75% of Martino's wages as of the petition date are exempt under COLO. REV. STAT. § 13-54-104, and for a determination as to the value of any non-exempt assets; 3) for a declaratory judgment requiring Rodriguez to abandon Martino's claim against FoxTV-Channel 31 as a claim of inconsequential value or burdensome to the estate; 4) for a declaratory judgment Martino has made no fraudulent or preferential transfers under §§ 547 or 548; and 5) for a determination as to the extent and value of the estate's interest in Martino's nonexempt assets.

---

[4] Underlying Case Docket No. 109. This Motion was sent out on notice pursuant to L.B.R. 9013-1, with an objection deadline of December 7, 2011. No objections were filed. On December 8, 2011, two days after Martino filed his adversary Complaint, Rodriguez filed a certificate of non-contested matter, and the Court entered an Order granting the Stipulated Motion on the same date, extending the deadline for Rodriguez and the United States Trustee to object to Martino's discharge to May 1, 2012, and extending the deadline for Rodriguez to object to any of Martino's claims of exemption to May 1, 2012. Underlying Case Docket Nos. 135 and 137.

[5] Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

In seeking to dismiss the Complaint as failing to state a claim under FED. R. CIV. P. 12(b)(6),[6] Rodriguez argues the Complaint constitutes a "back door" attempt to turn the Chapter 7 case into a Chapter 11 case without Martino taking on the burdens and obligations of Chapter 11.  Specifically, according to Rodriguez, Martino seeks to direct and control the investigation of his entitlement to a discharge, potential avoidable transfers, and disposition of the estate assets.  Further Rodriguez contends the Complaint seeks to deprive him of the ability to fulfill his statutory duty to investigate Martino's affairs and to exercise discretion in administering the estate.

Moreover, Rodriguez states Martino fails to present specific factual allegations to support the declaratory relief he requests.  Rodriguez maintains Martino cannot prove the negative proposition that there are no claims against him or against third parties under §§ 544, 547, 548, and 727.  To do so, he would have to disclose every transaction he made in the four years before the filing, which would be an overwhelming task and result in a trial that would take months.

In addition, Rodriguez alleges the Complaint should be dismissed under Rule 12(b)(5) because none of the Complaint's claims are justiciable.  First, he asserts Martino has made no allegations of definite and concrete disputes between Martino and Rodriguez as adverse parties.  Second, Martino has not shown any harm which would result if the Complaint were dismissed.  Third, Rodriguez argues Martino is using FED. R. BANKR. P. 7001(9) and the Declaratory Judgment Act, 28 U.S.C. § 2201(a), to create rights for Martino where none exist.[7]  Fourth, Rodriguez contends all Martino's claims, with the possible exception of the discharge declaration claim, would require facts to be shown that existed, at the latest, on the filing date, and therefore do not seek the type of prospective relief contemplated by the Declaratory Judgment Act.  Fifth, the Rodriguez states the Complaint seeks an advisory opinion with respect to controversies that have not yet arisen.

Rodriguez also requests an order for sanctions, asserting the filing of the Complaint constitutes a violation of Fed. R. Bankr. P. 9011.  According to Rodriguez, the Complaint requests relief supported by almost no factual averments and supported by no case law.

Martino, however, states the Complaint was filed for the reasonable purpose of expediting the case's administration.  He contends he has cooperated with Rodriguez and is entitled to obtain an order of discharge, a determination of the amount of his non-exempt assets, and obtain a judicial determination exonerating his good name.  Pointing to significant media coverage of the bankruptcy case, Martino alleges the Complaint is appropriate under the Bankruptcy Code and Rules, which contain no specific prohibition against such an action, and asserts the Complaint reflects an actual case in controversy.

---

[6] FED. R. CIV. P. 12 (b) is made applicable to this proceeding by FED. R. BANKR. P. 7012(b).

[7] Rodriguez notes the Declaratory Judgment Act states "In a case of actual controversy within its jurisdiction... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

Page 3 of  10

At the hearing on this matter, the parties agreed Rodriguez filed an Objection to Debtor's Claims of Exemption on December 6, 2011, seeking denial of Martino's claimed exemptions in certain accounts and earnings deposited therein.[8]  Martino filed a Response to the Objection on December 20, 2011, and the matter is ready to be set for hearing.[9]

## DISCUSSION

### A.     Motion to Dismiss

A motion to dismiss under FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of a complaint assuming all the factual allegations in the complaint are true.[10]  In making this determination, a court must decide whether the complaint contains sufficient facts to state a claim for relief that is plausible on its face.[11]  "While a complaint attacked by a  Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[12]  The complaint must contain "enough factual matter (taken as true)" to "raise [the] right to relief above the speculative level."[13]  The court must accept the facts alleged in the complaint as true, even if they are doubtful.[14]  In addition, the court must make all reasonable inferences in favor of the plaintiff.[15]  In the case at bar, the question for the Court to determine is whether, taking all the Complaint's facts as true and making all reasonable inferences in favor of Martino, the Complaint contains justiciable claims.

Each of the Complaint's claims presents a request for declaratory relief.  The parties do not dispute this Court may issue declaratory judgments pursuant to Fed. R.

---

[8]  Underlying Case Docket No. 131.

[9]  Underlying Case Docket No. 152.  The Court held a preliminary hearing on the matter on February 7, 2012, and ruled that it would be held in abeyance pending the resolution of Rodriguez's Motion to Dismiss in the instant adversary proceeding.

[10]  *Mobley v. McCormick*, 40 F.3d. 337, 340 (10th Cir. 1994).

[11]  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (requiring sufficient factual specificity in support of claims, which, if assumed to be true, demonstrate the plaintiff has "plausibly (not just speculatively) stated a claim for relief.").

[12]  *Bell Atlantic* at 555.

[13]  *Id*. at 555-56.  *See also Official Committee of Unsecured Creditors v. Blomen, et al. (In re Hydrogen, LLC)*, 431 B.R. 337, 345 (Bankr. S.D.N.Y. 2010).

[14]   *Id*. at 555-556.

[15]  *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

Bankr. P. 7001(9), with such judgments to be subject to the Declaratory Judgment Act.[16] As noted by Martino, the test of justiciability under the Declaratory Judgment Act is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[17]

As described by the Bankruptcy Court for the Northern District of Ohio, the effort to evaluate justiciability has given rise to a number of other concepts:

> Efforts to determine justiciability have led courts to develop a number of specific sub-categories: advisory opinions, ripeness, mootness, standing, and political questions. "But whether courts speak in terms of 'justiciability,' 'standing,' or 'ripeness,' they all are asking the same question: does a case or controversy exist?" *Oldham v. Am. Civ. Liberties Union Found. of Tenn., Inc.*, 849 F.Supp. 611, 614 (M.D. Tenn.1994). Courts may decide a case under the general heading of justiciability rather than resorting to the "frequently*768 question-begging terminology of any single concept." 13 Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3529 (2d ed.1984); *see Babbitt*, 442 U.S. at 297–304, 99 S.Ct. 2301 (holding certain challenges of constitutionality of state labor statute were "not justiciable"); *see also Assiniboine & Sioux Tribes of Ft. Peck Indian Reservation v. Bd. of Oil & Gas Conservation*, 792 F.2d 782, 787 (9th Cir.1986) ("[A]lthough for clarity, we discuss [ripeness, advisory opinions, and standing] separately, we recognize that a flexible approach to justiciability, that is less concerned with

---

[16] 28 U.S.C. § 2201 et seq. Section 2201(a) of the Act provides:

(a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

[17] *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). *See also City of Los Angeles v. Lyons*, 461 U.S. 95, 101–102 (1983) (stating the "ripeness" threshold imposed by the "case of controversy" requirement generally requires that the moving party demonstrate: a personal stake in the outcome of the lawsuit; a concrete factual predicate that allows for a reasoned adjudication; and a legal controversy which sharpens the presentation of issues, *i.e.*, the moving party "must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or '*hypothetical.*'"); *Al-Ibrahim v. Hadid,* 1997 WL 606283, *4 (D. Colo. 1997) (Not Reported in F.Supp.) *(Citing Maryland Casualty* and stating a plaintiff in a declaratory judgment action must show a "good chance" he will be injured by the defendant's conduct in the future, and noting a plaintiff may seek relief before actual harm occurs if he has a reasonable apprehension of such harm.).

specific categories, and more with underlying policies may be most useful."); *Ad Hoc Comm. on Judicial Admin. v. Mass.*, 488 F.2d 1241 (1st Cir.1973) (affirming dismissal of a suit to restructure Massachusetts state courts for "failure to state a justiciable cause of action."), *cert. denied*, 416 U.S. 986, 94 S.Ct. 2389, 40 L.Ed.2d 763.[18]

A court's jurisdiction to hear a case must arise from the fact at the time a complaint is filed, and not on subsequent events.[19] A case is generally non-justiciable when the "facts have [not] developed sufficiently to permit an intelligent and useful decision to be made."[20] Under the Constitution, this means a case must be ripe for adjudication, that is, it must involve a "case or controversy."[21] A federal court may not issue advisory opinions based on hypothetical facts.[22] Moreover, in determining whether a case is ripe for review, a court must evaluate the "fitness of the issues for judicial decision," and "the hardship to the parties of withholding court consideration."[23]

The Debtor relies on the test for justiciability set forth in *Maryland Casualty*, and states this Court should consider, therefore, "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[24] The Debtor breaks this test into two prongs: 1) substantial controversy between parties with adverse legal interests; and 2) sufficient immediacy and reality. Using this analysis, the Court finds as follows with respect to the Complaint's claims for relief:

---

[18] *Mlincek v. United States (In re Mlincek),* 350 B.R. 764, 767-768 (Bankr. N.D. Ohio 2006).

[19] *Hinton* v. United States, 2011 WL, 1838724, *2 (N. D. Ill. May 12, 2011) (slip copy) (citing *Doctors Nursing & Rehab. Ctr. v. Sebelius*, 613 F.3d 672, 677 (7th Cir. 2010)).

[20] Black's Law Dictionary 1353 (8th ed. rev. 2004); see also 15 Moore's Federal Practice-Civil, § 101.70[2] (2007) ("The ripeness doctrine concerns the timing of the suit. It asks whether the case has been brought at a point so early that it is not yet clear whether a real dispute to be resolved exists between the parties.").

[21] U.S. Const., art. III, § 2.

[22] *Flast v. Cohen*, 392 U.S. 83, 96 (1968) ("[T]he implicit policies embodied in Article III, and not history alone, impose the rule against advisory opinions on federal courts.").

[23] *Abbot Laboratories v. Gardner*, 387 U.S. 136, 148-49 (1967), *overruled on other grounds*, *Califano v. Sanders*, 430 U.S. 99 (1977), *partially superseded by statute on other grounds*, Clean Air Amendments of 1970, Pub. L. No. 91–604, 84 Stat. 1676 (codified as amended at 42 U.S.C.A. § 7607 (1997 & 2010 Supp.)).

[24] *Maryland Casualty*, *supra,* 312 U.S. at 273.

> 1. *Claim No. 1: Declaratory Judgment that Martino Has Not Violated § 727(a)(2), (3), (4), (5), or (6)*

The Court finds there has been no substantial controversy shown as to this claim, because no claim under § 727 has been brought. Despite his expressed desire to move his case along, the Court notes Martino, with no suggestion of duress, agreed to allow the Trustee and the UST until May 1, 2012, to determine whether to bring such an action. It is disingenuous for him now to attempt to cut off that extra time by seeking, essentially, a prohibition of such a claim within the time agreed to. Moreover, while the possibility of such a claim is a reality, it is equally possible such a claim will not be brought. In addition, the Court finds the Debtor will not be harmed by allowing the Trustee and the UST an extra few weeks to determine whether to file such an action. The case is much more complex than the average individual Chapter 7 case. Indeed, Martino himself has noted he has produced over 50,000 pages of documents and at least 12 hours of testimony to the Trustee. Although the Court finds Martino's cooperation in producing this evidence admirable and in keeping with his duties as a Chapter 7 debtor, the magnitude of the evidence alone justifies additional time for review by the Trustee. Accordingly, the first claim for relief is not justiciable under the *Maryland Casualty*[25] case or other cited case law, and it will be dismissed.

> 2. *Claim No. 2: Declaratory Judgment that 75% of Martino's Wages as of the Petition Date Are Exempt Under COLO. REV. STAT. § 13-54-104, and for a Determination as to the Value of Any Non-exempt Assets*

The Court finds this dispute is before the Court in a contested matter, as noted above. It will be set for hearing and will be resolved in the ordinary course. Further, there have been no objections filed as to the value of non-exempt assets. Therefore, no controversy exists as to the value of such assets. Any such dispute may be resolved as it arises. Accordingly, this claim must also be dismissed.

> 3. *Claim No. 3: Declaratory Judgment Requiring Rodriguez to Abandon Martino's claim Against FoxTV-Channel 31 as a Claim of Inconsequential Value or Burdensome to the Estate*

Section 554(b) of the Bankruptcy Code provides a party in interest may file a motion requesting an order directing a trustee to abandon property of the estate as burdensome or of inconsequential value. This request by a party in interest must be accompanied by a notice and an opportunity for a hearing. Bankruptcy Rule 6007(b) goes on to specify a party in interest may file a motion requiring a trustee or debtor in possession to abandon property of the estate. Although generally a debtor is not a party in interest to a bankruptcy estate unless he can demonstrate a surplus will remain for him after payment of all creditors,[26] most courts allow a debtor to file a motion seeking

---

[25] *Id.*

[26] *See In re Carter Paper Company, Inc.*, 220 B.R. 276, 288 n.18 (Bankr. M.D. La. 1998)

abandonment by the trustee, but require it to be accompanied by notice to all creditors.[27] This makes sense because it is those creditors who will suffer a reduction in recovery if the property in question actually adds value to the estate. Here, Martino has sought a declaration requiring Rodriguez to abandon Martino's cause of action, but has not followed the procedure outlined above. No other parties in interest have received notice or an opportunity to object. Therefore, this claim, which should be brought on motion in the underlying bankruptcy case with notice to all creditors, is not properly before the Court and must be dismissed.

### 4. Claim No. 4: Declaratory Judgment Martino Has Made No Fraudulent or Preferential Transfers under §§ 547 or 548

This claim is not based on a controversy among parties with adverse legal interests, for purposes of the *Maryland Casualty*[28] analysis. A claim for preferential or fraudulent transfer, if brought by Rodriguez, would seek to recover from a third party a transfer made by Martino. Martino himself would not be a party to such an action. Further, there has been no showing why the ordinary two-year statute of limitations regarding actions under §§ 547 and 548, as set forth in § 546(a)(1)(A), should be cut short in this case. Accordingly, this claim must also be dismissed.

### 5. Claim No. 5: Determination as to the Extent and Value of the Estate's Interest in Martino's Non-exempt Assets

Claim No. 5 is really a restatement of the second portion of Claim No. 2. It seeks a valuation of Martino's nonexempt assets, or, put slightly differently, but with the same result, the value of the estate's interest in such assets. As noted above, no current dispute exists, at least insofar as it has been brought before the Court, as to the value of Martino's non-exempt assets. For the Court to assign a value to such assets now would constitute an advisory opinion in violation of the Supreme Court's mandate.[29] Accordingly, this claim must be dismissed as well.

## B. Rodriguez's Requests for Attorneys' Fees and Costs under Rule 9011

FED.R.BANKR.P. 9011(b) ("Rule 9011"), derived from FED. R. CIV. P. 11, states in part:

> (b) Representations to the Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to

---

[27] See, e.g., *In re Clark*, 274 B.R. 127, 134 (Bankr. W.D. Pa. 2002);

[28] *Maryland Casualty, supra*, 312 U.S. at 273.

[29] *Flast v. Cohen, supra,* at 96.

> the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>>
>> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. . .

Rodriguez, both in his Motion to Dismiss and in his later-filed Motion for Sanctions, argues the Complaint violates each of the above subsections of Rule 9011 because the relief requested is not supported by the facts or by legal authority. He further contends Martino's Complaint constitutes an effort to obtain control over the administration of the estate, in place of Rodriguez, a goal contrary to the purposes of the Bankruptcy Code. He alleges it should be deemed an attempt to interfere with the administration of the estate under § 521. Moreover, he asserts the estate incurred significant expenses in researching and drafting the Motion to Dismiss, and deserves compensation for such expenses. Alternatively, Rodriguez states this Court may impose sanctions under § 105.

Martino alleges the second request for sanctions is improper because the Court has not yet addressed the first request. However, based on Rodriguez's statement that he was concerned his original communication with Martino's attorney and subsequent request for sanctions pursuant to Rule 9011 did not comply strictly with the rule's procedural requirements so he repeated the process by separate motion, the Court will treat the two procedures as one motion for Rule 9011 sanctions. In addition, Martino contends his Complaint was not brought for an improper purpose, and constituted a reasonable effort to promote his "fresh start" as envisioned by the Bankruptcy Code.

The facts of this matter as it now stands are largely undisputed. Martino filed an action based on his assertion the case needed to move more quickly and required certain declaratory judgments in order to do so. Therefore, the Court finds Rule 9011(b)(3) inapplicable. Further, the Court believes Martino's procedural arguments regarding the sanctions requests would result in the Court and the parties becoming stuck in an unnecessary procedural mire. Instead, the Court will address the real issues, under Rule 9011(a)(1) and (2): Was the Complaint presented for an improper purpose, and were the contents of the Complaint warranted by a non-frivolous argument for an extension, modification or reversal of existing law?

After reviewing the file and after hearing and considering the arguments of the parties, the Court finds that while the relief sought by Martino is without published precedent, his counsel presented colorable arguments for an extension of the existing law.[30] As noted above, this Court does have the power to enter declaratory judgments, and the arguments presented by Martino seeking an extension of the recognized limits of that power are not frivolous, although the Court's analysis ultimately determined such an extension was not appropriate. In addition, although the Court's ruling is not in his favor, the Court cannot find Martino brought the Complaint for delay, harassment, or other improper purpose. Therefore, the requests for sanctions will be denied.

## CONCLUSION

For the above reasons,

IT IS ORDERED Rodriguez's Motion is GRANTED, and the above-captioned adversary proceeding is DISMISSED.

IT IS FURTHER ORDERED Rodriguez's requests for sanctions, both in his Motion to Dismiss and in his subsequent Motion for Sanctions are DENIED.

Dated April 26, 2012                                   BY THE COURT

                                                       Michael E. Romero
                                                       United States Bankruptcy Judge

---

[30] *See In re Edmonds*, 924 F.2d 176, 181-182 (10th Cir. 1991) (holding a party who makes a colorable argument in support of its position may avoid sanctions under Rule 9011).